UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 02-10301-NG |
| | ) |
| v. | ) VIOLATIONS: |
| | ) |
| 1. DARRYL GREEN, a/k/a "D" | ) 18 U.S.C. §§ 1962(c) and (d) |
| 2. BRANDEN MORRIS, a/k/a "B" | ) Racketeering and |
| 3. JONATHAN HART, | ) Racketeering Conspiracy |
| a/k/a "Jizz" | ) |
| 4. EDWARD WASHINGTON, | ) 18 U.S.C. §§ 1959(a)(1),(3),(5) |
| a/k/a "Eddie" | ) Murder, Assault, Conspiracy To |
| and | ) Murder in Aid of Racketeering |
| 5. TORRANCE GREEN, | ) |
| a/k/a "Tyrell" | ) 18 U.S.C. § 924(c) |
| | ) Use and Possession of Firearms |
| Defendants | ) In Furtherance of Violence |

SUPERSEDING INDICTMENT

COUNT ONE:       (Title 18, United States Code, Section 1962(c)-
Racketeering)

The Grand Jury charges:

THE ENTERPRISE

1.  At all times relevant to this Indictment, the
defendants,

1. DARRYL GREEN, a/k/a "D;"
2. BRANDEN MORRIS, a/k/a "B;"
3. JONATHAN HART, a/k/a "Jizz;"
4. EDWARD WASHINGTON, a/k/a "Eddie;"
AND
5. TORRANCE GREEN, a/k/a "Tyrell;"

along with others known and unknown to the Grand Jury, were

members and associates of a violent street gang known as, among

other names, the Esmond Street Posse, the Esmond Street Crew, or

Esmond Street, a criminal organization whose members and

associates engaged in the distribution of controlled substances

and in acts of violence, including murder, assaults, threats, and intimidation, and which operated principally in and around the area of Esmond Street, Fowler Street, Blue Hill Avenue, Harvard Street, and Charlotte Street, in the Dorchester section of Boston, Massachusetts.

2.   The criminal organization known as Esmond Street, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4)(hereinafter "the Enterprise"), that is, a group of individuals associated in fact, which engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  Each of the defendants, among others, participated in the operation and management of the Enterprise.

                The Purposes and Manner and Means of the Enterprise

3.   The Enterprise had the following purposes and used the following manner and means, among others:

(a) It was a purpose of the Enterprise to enrich its members and associates by selling and controlling the sale of cocaine base, also known as "crack," and marijuana in and around the area of Esmond Street, Charlotte Street, Fowler Street, and Blue Hill Avenue, located in Boston, Massachusetts, and to prevent others

2

from selling crack and marijuana in that area.

(b) It was a purpose of the Enterprise to support and protect its members in the dealing of crack cocaine and marijuana, the avoidance of detection and arrest by law enforcement, and the conduct of violent disputes with rival gangs, including but not limited to a dispute with Franklin Hill.

(c) It was a purpose of the Enterprise to shoot and to kill members of the Franklin Hill Giants, a rival gang with whom the Enterprise was carrying on a violent dispute.

(d) It was among the manner and means of the Enterprise to sell crack cocaine and marijuana in and around Esmond Street.  In particular, members of the Enterprise sold crack cocaine in a second floor apartment at 7-9 Esmond Street.

(e) It was among the manner and means of the Enterprise to notify one another about the dispute with the Franklin Hill Giants, including who from each group participated in shootings against one another in order to protect its members, target rivals, and to keep one another informed about the status of the dispute.

(f) It was among the manner and means of the Enterprise to stash firearms within the territory of the Enterprise and for certain members to carry and share firearms in order to protect the Enterprise from rivals and to shoot rivals if the opportunity arose.  In particular, defendants **DARRYL GREEN, a/k/a "D;"**

3

JONATHAN HART, a/k/a "Jizz;" EDWARD WASHINGTON, a/k/a "Eddie;"
BRANDEN MORRIS, a/k/a "B;" and TORRANCE GREEN, a/k/a "Tyrell,"
possessed, stashed, shared, carried, used, and discharged
firearms at various times while participating in the conduct of
the affairs of the Enterprise during the period alleged.  In
particular, the following defendants used, carried, discharged,
or possessed a firearm on the following dates, among others, in
participating in the conduct of the affairs of the Enterprise:
TORRANCE GREEN carried, used, and discharged a firearm on
September 12, 2000 and carried and possessed a firearm on
September 14, 2000; EDWARD WASHINGTON carried, used, and
discharged a firearm on September 16, 2000, and carried and
possessed firearms on October 24, 2000, and November 14, 2000;
BRANDEN MORRIS possessed a firearm on April 16, 2001 and carried,
used, and discharged a firearm on August 25, 2001; JONATHAN HART
carried, used, and discharged a firearm on April 18, 2001 and
July 3, 2001 and possessed a firearm on July 5, 2001; and DARRYL
GREEN carried, used, and discharged a firearm on July 3, 2001 and
August 25, 2001.

<u>The Racketeering Violation</u>

    4.  From a time unknown, but at least by June 2000, until in
or about September of 2001, in Boston, in the District of
Massachusetts and elsewhere,

           1. DARRYL GREEN, a/k/a "D;"

4

                     2. BRANDEN MORRIS, a/k/a "B;"
                     3. JONATHAN HART, a/k/a "Jizz;"
                4. EDWARD WASHINGTON, a/k/a "Eddie;"
                                and
                  5. TORRANCE GREEN, a/k/a "Tyrell,"

the defendants, along with others known and unknown to the Grand

Jury, being persons employed by and associated with the

Enterprise described in paragraph 3 above, which Enterprise

engaged in, and the activities of which affected, interstate and

foreign commerce, did unlawfully and knowingly conduct and

participate, directly and indirectly, in the conduct of the

affairs of the Enterprise, through a pattern of racketeering

activity, that is, through the commission of Racketeering Acts

One through Fourteen, as set forth in paragraphs 5-19 below.

                  The Pattern of Racketeering Activity

     5.  The pattern of racketeering activity, as defined by

Title 18, United States Code, Sections 1961(1) and (5), consisted

of the following acts:

Racketeering Act One - Conspiracy to Distribute Controlled

Substances

     6.  From in or about June, 2000, and continuing until in or

about September, 2001, at Boston, in the District of

Massachusetts and elsewhere, defendants herein,

                     1. DARRYL GREEN, a/k/a "D;"
                     2. BRANDEN MORRIS, a/k/a "B;"
                     3. JONATHAN HART, a/k/a "Jizz;"
                4. EDWARD WASHINGTON, a/k/a "Eddie;"
                                and

                                5

### 5. TORRANCE GREEN, a/k/a "Tyrell,"

knowingly and intentionally combined, conspired and agreed together, and with persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, more than 50 grams of cocaine base, also known as "crack," a Schedule II controlled substance, and to possess with intent to distribute, and to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Racketeering Act Two - Possession with Intent to Distribute Cocaine Base

7.   On or about October 24, 2000, at Boston, in the District of Massachusetts, **EDWARD WASHINGTON**, the defendant herein, did knowingly and intentionally possess with intent to distribute cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Racketeering Act Three - Distribution of Cocaine Base

8.   On or about March 13, 2001, at Boston, in the District of Massachusetts, **BRANDEN MORRIS**, the defendant herein, did knowingly and intentionally distribute cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C),

and Title 18, United States Code, Section 2.

Racketeering Act Four - Distribution of Cocaine Base

9.   On or about March 28, 2001, at Boston, in the District of Massachusetts, **JONATHAN HART**, the defendant herein, did knowingly and intentionally distribute cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Racketeering Act Five - Distribution of Cocaine Base

10.   On or about March 29, 2001, at Boston, in the District of Massachusetts, **BRANDEN MORRIS**, the defendant herein, did knowingly and intentionally distribute cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

Racketeering Act Six - Distribution of Cocaine Base

11.   On or about June 20, 2001, at Boston, in the District of Massachusetts, **BRANDEN MORRIS**, the defendant herein, did knowingly and intentionally distribute cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

Racketeering Act Seven - Distribution of Cocaine Base

12.   On or about July 3, 2001, at Boston, in the District of Massachusetts, **DARRYL GREEN**, the defendant herein, did knowingly

7

and intentionally distribute 5 grams or more of a mixture or substance which contains a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

Racketeering Act Eight - Distribution of Cocaine Base

13.   On or about July 18, 2001, at Boston, in the District of Massachusetts, **DARRYL GREEN**, the defendant herein, did knowingly and intentionally distribute 5 grams or more of a mixture or substance which contains a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

Racketeering Act Nine - Conspiracy to Murder

14.   From in or about September of 2000, until in or about September of 2001, at Boston, in the District of Massachusetts,

> 1. DARRYL GREEN, a/k/a "D;"
> 2. BRANDEN MORRIS, a/k/a "B;"
> 3. JONATHAN HART, a/k/a "Jizz;"
> 4. EDWARD WASHINGTON, a/k/a "Eddie;"
>                and
> 5. TORRANCE GREEN, a/k/a "Tyrell,"

defendants herein, and others known, knowingly and willfully conspired to murder members of a rival gang known as the Franklin Hill Giants, all in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Section 7.

8

Racketeering Act Ten - Assault With Intent To Murder Darius Jones

15.   On or about September 12, 2000, at Boston, in the District of Massachusetts, **TORRANCE GREEN**, defendant herein, committed an act involving murder, that is, he willfully, knowingly, and with intent to murder, did assault, and did aid and abet the assault of, Darrius Jones by means of a firearm, in violation of Massachusetts General Laws, Chapter 265, Section 15 and Chapter 274, Section 2.

Racketeering Act Eleven - Assault With Intent To Murder Richard Green

16.   On or about September 16, 2000, at Boston, in the District of Massachusetts, **EDWARD WASHINGTON**, defendant herein, committed an act involving murder, that is, he willfully, knowingly, and with intent to murder, did assault Richard Green by means of a firearm, in violation of Massachusetts General Laws, Chapter 265, Section 15.

Racketeering Act Twelve - Assault With Intent To Murder Henry Williams

17.   On or about April 18, 2001, at Boston, in the District of Massachusetts, **JONATHAN HART**, defendant herein, committed an act involving murder, that is, he willfully, knowingly, and with intent to murder, did assault Henry Williams, by means of a firearm, in violation of Massachusetts General Laws, Chapter 265, Section 15.

Racketeering Act Thirteen - Assault With Intent To Murder Anthony
Vaughan

18.   On or about July 3, 2001, at Boston, in the District of
Massachusetts, **DARRYL GREEN and JONATHAN HART**, defendants herein,
committed an act involving murder, that is, they willfully,
knowingly, and with intent to murder, did assault, and aid and
abet the assault of, Anthony Vaughan, also known as "Ant," by
means of a firearm, in violation of Massachusetts General Laws,
Chapter 265, Section 15 and Chapter 274, Section 2.

Racketeering Act Fourteen - Murder of Terrell Gethers

19.   On or about August 25, 2001, **DARRYL GREEN and BRANDEN
MORRIS**, defendants herein, willfully and knowingly did shoot with
a firearm one Terrell Gethers with the intent to murder him, and
by such shooting did kill and murder said Terrell Gethers, in
violation of Massachusetts General Laws, Chapter 265, Sections 1
and 2, and Chapter 274, Section 2.

All in violation of Title 18, United States Code, Section
1962(c).

<u>COUNT TWO</u>:      (18 United States Code, Section 1962(d) -
                     Racketeering Conspiracy)

The Grand Jury further charges that:

### The Racketeering Conspiracy

1.    Each and every allegation contained in paragraphs 1
through 3 of Count One of this Indictment is realleged and
incorporated in Count Two by reference as if fully set forth
herein.

2.    From a date at least by June of 2000, the exact date
being unknown, to in or about September of 2001, in Boston, in
the District of Massachusetts and elsewhere, the defendants,

                1. DARRYL GREEN, a/k/a "D;"
                2. BRANDEN MORRIS, a/k/a "B;"
                3. JONATHAN HART, a/k/a "Jizz;"
             4. EDWARD WASHINGTON, a/k/a "Eddie;"
                              and
              5. TORRANCE GREEN, a/k/a "Tyrell,"

being persons employed by and associated with the Enterprise
described in paragraphs 1 through 3 of Count One, which
Enterprise engaged in, and the activities of which affected,
interstate and foreign commerce, did knowingly, willfully, and
intentionally combine, conspire and agree with each other and
with persons known and unknown to the Grand Jury, to violate
Title 18, United States Code, Section 1962(c), that is to conduct
and participate, directly and indirectly, in the conduct of the
affairs of the Enterprise, through a pattern of racketeering
activity as that term is defined by Title 18, United States Code,

Section 1961(1) and (5).  The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the Enterprise consisted of the fourteen Predicate Acts set forth in paragraphs 5-19 of Count One of this Indictment, which are realleged and incorporated as if fully set forth herein.  It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT THREE:     (18 United States Code, Section 1959(a)(5) -
                 Conspiracy to Murder in Aid of Racketeering)

The Grand Jury further charges that:

1.   Each and every allegation contained in paragraphs 1
through 3 of Count One of this Indictment is realleged and
incorporated in Count Three by reference as if fully set forth
herein.

2.   The Enterprise described in paragraphs 1 through 3 of
Count One of this Indictment constituted an Enterprise as that
term is defined in Title 18, United States Code, Section
1959(b)(2), that is, a group of individuals associated in fact
which was engaged in, and the activities of which affected,
interstate and foreign commerce.

3.   At all times relevant to this Indictment, the
Enterprise, through its members and associates, engaged in
racketeering activity, as that term is defined in Title 18,
United States Code, Sections 1959(b)(1) and 1961(1), that is,
acts involving murder, in violation of Massachusetts General
Laws, Chapter 265, Sections 1, 2, and 15, and Chapter 274,
Sections 2 and 7, and offenses involving the felonious selling
and dealing in controlled substances, in violation of Title 21,
United States Code, Sections 841 and 846, as more fully set forth
in paragraphs 6 through 19 of Count One, which are incorporated
by reference as if fully set forth herein.

4.   From in or about September of 2000, to in or about

13

September, 2001, in Boston, in the District of Massachusetts, for the purpose of maintaining and increasing position in the Enterprise, which was an Enterprise engaged in racketeering activity,

      1. DARRYL GREEN, a/k/a "D;"
      2. BRANDEN MORRIS, a/k/a "B;"
      3. JONATHAN HART, a/k/a "Jizz;"
      4. EDWARD WASHINGTON, a/k/a "Eddie;"
      and
      5. TORRANCE GREEN, a/k/a "Tyrell,"

defendants herein, knowingly and intentionally conspired to murder members of a rival gang known as the Franklin Hill Giants, in violation of Massachusetts General Laws, Chapter 265, Section 1 and Chapter 274, Section 7.

All in violation of Title 18, United States Code, Section 1959(a)(5).

<u>COUNT FOUR</u>:      (18 United States Code, Section 1959(a)(3) -
                       Assault in Aid of Racketeering)

The Grand Jury further charges that:

1. Each and every allegation contained in paragraphs 1
through 3 of Count One of this Indictment is realleged and
incorporated in Count Four by reference as if fully set forth
herein.

2.  The Enterprise described in paragraphs 1 through 3 of
Count One of this Indictment constituted an Enterprise as that
term is defined in Title 18, United States Code, Section
1959(b)(2), that is, a group of individuals associated in fact
which was engaged in, and the activities of which affected,
interstate and foreign commerce.

3.  At all times relevant to this Indictment, the
Enterprise, through its members and associates, engaged in
racketeering activity, as that term is defined in Title 18,
United States Code, Sections 1959(b)(1) and 1961(1), that is,
acts involving murder, in violation of Massachusetts General
Laws, Chapter 265, Sections 1, 2, and 15, and Chapter 274,
Sections 2 and 7, and offenses involving the felonious selling
and dealing in controlled substances, in violation of Title 21,
United States Code, Sections 841 and 846, as more fully set forth
in paragraphs 6 through 19 of Count One, which are incorporated
by reference as if fully set forth herein.

4.  On or about September 12, 2000, in Boston, in the

15

District of Massachusetts, for the purpose of maintaining and increasing his position in the Enterprise, which was an Enterprise engaged in racketeering activity,

### 5. TORRANCE GREEN, a/k/a "Tyrell,"

defendant herein, did knowingly and intentionally assault, and aid and abet the assault of, Darrius Jones with a dangerous weapon, to wit, a firearm, in violation of Massachusetts General Laws, Chapter 265, Section 15B(b) and Chapter 274, Section 2.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

16

<u>COUNT FIVE</u>:      (18 United States Code, Section 924(c) - Use of Firearm in Relation to a Crime of Violence)

The Grand Jury further charges that:

On or about September 12, 2000, in Boston, in the District of Massachusetts,

### 5. TORRANCE GREEN, a/k/a "Tyrell,"

defendant herein, knowingly and intentionally carried and used and discharged a firearm during and in relation to a crime of violence, to wit, the assault with a dangerous weapon charged in Count Four of this indictment, which is hereby incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

<u>COUNT SIX</u>:          (18 United States Code, Section 924(c) -
                      Possession of Firearm in Furtherance of a Crime of
                      Violence)

The Grand Jury further charges that:

     On or about September 14, 2000, in Boston, in the District

of Massachusetts,

### 5. TORRANCE GREEN, a/k/a "Tyrell,"

defendant herein, knowingly and intentionally possessed a firearm

in furtherance of a crime of violence, to wit, the conspiracy to

murder charged in Count Three of this indictment, which is hereby

incorporated as if fully set forth herein.

     All in violation of Title 18, United States Code, Section

924(c)(1)(A) and (C)(i).

18

<u>COUNT SEVEN</u>:     (18 United States Code, Section 1959(a)(3) -
                       Assault in Aid of Racketeering)

The Grand Jury further charges that:

1. Each and every allegation contained in paragraphs 1 through 3 of Count One of this Indictment is realleged and incorporated in Count Seven by reference as if fully set forth herein.

2. The Enterprise described in paragraphs 1 through 3 of Count One of this Indictment constituted an Enterprise as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.

3. At all times relevant to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Sections 1, 2, and 15, and Chapter 274, Sections 2 and 7, and offenses involving the felonious selling and dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, as more fully set forth in paragraphs 6 through 19 of Count One, which are incorporated by reference as if fully set forth herein.

4. On or about September 16, 2000, in Boston, in the

19

District of Massachusetts, for the purpose of maintaining and increasing his position in the Enterprise, which was an Enterprise engaged in racketeering activity,

### 4. EDWARD WASHINGTON, a/k/a "Eddie,"

defendant herein, did knowingly and intentionally assault Richard Green with a dangerous weapon, to wit, a firearm, in violation of Massachusetts General Laws, Chapter 265, Section 15B(b).

All in violation of Title 18, United States Code, Section 1959(a)(3).

20

<u>**COUNT EIGHT**</u>:     **(18 United States Code, Section 924(c) - Use of Firearm in Relation to a Crime of Violence)**

The Grand Jury further charges that:

On or about September 16, 2000, in Boston, in the District of Massachusetts,

### 4. EDWARD WASHINGTON, a/k/a "Eddie,"

defendant herein, knowingly and intentionally carried and used and discharged a firearm during and in relation to a crime of violence, to wit, the assault with a dangerous weapon charged in Count Seven of this indictment, which is hereby incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

<u>COUNT NINE</u>:       (18 United States Code, Section 924(c) -
                     Possession of Firearm in Furtherance of a Crime of
                     Violence)

The Grand Jury further charges that:

On or about October 24, 2000, in Boston, in the District of
Massachusetts,

### 4. EDWARD WASHINGTON, a/k/a "Eddie,"

defendant herein, knowingly and intentionally possessed a firearm
in furtherance of a crime of violence, to wit, the conspiracy to
murder charged in Count Three of this indictment, which is hereby
incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Section
924(c)(1)(A) and (C)(i).

22

<u>COUNT TEN</u>:          (18 United States Code, Section 924(c) -
                    Possession of Firearm in Furtherance of a Crime of
                    Violence)

The Grand Jury further charges that:

On or about November 14, 2000, in Boston, in the District of Massachusetts,

### 4. EDWARD WASHINGTON, a/k/a "Eddie,"

defendant herein, knowingly and intentionally possessed a firearm in furtherance of a crime of violence, to wit, the conspiracy to murder charged in Count Three of this indictment, which is hereby incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Section 924(c)(1)(A) and (C)(i).

23

<u>COUNT ELEVEN</u>:   (18 United States Code, Section 924(c) -
**Possession of Firearm in Furtherance of a Crime of Violence)**

The Grand Jury further charges that:

On or about April 16, 2001, in Boston, in the District of Massachusetts,

## 2. BRANDEN MORRIS, a/k/a "B,"

defendant herein, knowingly and intentionally possessed a firearm in furtherance of a crime of violence, to wit, the conspiracy to murder charged in Count Three of this indictment, which is hereby incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**COUNT TWELVE**:   (18 United States Code, Section 1959(a)(3) -
                    Assault in Aid of Racketeering)

The Grand Jury further charges that:

1. Each and every allegation contained in paragraphs 1
through 3 of Count One of this Indictment is realleged and
incorporated in Count Twelve by reference as if fully set forth
herein.

2.  The Enterprise described in paragraphs 1 through 3 of
Count One of this Indictment constituted an Enterprise as that
term is defined in Title 18, United States Code, Section
1959(b)(2), that is, a group of individuals associated in fact
which was engaged in, and the activities of which affected,
interstate and foreign commerce.

3.  At all times relevant to this Indictment, the
Enterprise, through its members and associates, engaged in
racketeering activity, as that term is defined in Title 18,
United States Code, Sections 1959(b)(1) and 1961(1), that is,
acts involving murder, in violation of Massachusetts General
Laws, Chapter 265, Sections 1, 2, and 15, and Chapter 274,
Sections 2 and 7, and offenses involving the felonious selling
and dealing in controlled substances, in violation of Title 21,
United States Code, Sections 841 and 846, as more fully set forth
in paragraphs 6 through 19 of Count One, which are incorporated
by reference as if fully set forth herein.

4.  On or about April 18, 2001, in Boston, in the District

25

of Massachusetts, for the purpose of maintaining and increasing his position in the Enterprise, which was an Enterprise engaged in racketeering activity,

### 3. JONATHAN HART, a/k/a "Jizz,"

defendant herein, did knowingly and intentionally assault Hank Williams with a dangerous weapon, to wit, a firearm, in violation of Massachusetts General Laws, Chapter 265, Section 15B(b).

All in violation of Title 18, United States Code, Section 1959(a)(3).

COUNT THIRTEEN:           (18 United States Code, Section 924(c) - Use
                          of Firearm in Relation to a Crime of
                          Violence)

The Grand Jury further charges that:

On or about April 18, 2000, in Boston, in the District of

Massachusetts,

### 3. JONATHAN HART, a/k/a "Jizz,"

defendant herein, knowingly and intentionally carried and used

and discharged a firearm during and in relation to a crime of

violence, to wit, the assault with a dangerous weapon charged in

Count Twelve of this indictment, which is hereby incorporated as

if fully set forth herein.

All in violation of Title 18, United States Code, Section

924(c)(1)(A).

COUNT FOURTEEN:        (18 United States Code, Section 1959(a)(3) -
                       Assault in Aid of Racketeering)

The Grand Jury further charges that:

1.   Each and every allegation contained in paragraphs 1 through 3 of Count One of this Indictment is realleged and incorporated in Count Fourteen by reference as if fully set forth herein.

2.   The Enterprise described in paragraphs 1 through 3 of Count One of this Indictment constituted an Enterprise as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.

3.   At all times relevant to this Indictment, the Enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Sections 1, 2, and 15, and Chapter 274, Sections 2 and 7, and offenses involving the felonious selling and dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846, as more fully set forth in paragraphs 6 through 19 of Count One, which are incorporated by reference as if fully set forth herein.

4.   On or about July 3, 2001, in Boston, in the District of

28

Massachusetts, for the purpose of maintaining and increasing
position in the Enterprise, which was an Enterprise engaged in
racketeering activity,

**1. DARRYL GREEN, a/k/a "D,"**
**and**
**3. JONATHAN HART, a/k/a "Jizz,"**

defendants herein, did knowingly and intentionally assault, and
aid and abet the assault of, Anthony Vaughan with a dangerous
weapon, to wit, a firearm, in violation of Massachusetts General
Laws, Chapter 265, Section 15B(b) and Chapter 274, Section 2.

All in violation of Title 18, United States Code, Section
1959(a)(3).

<u>COUNT FIFTEEN</u>: (18 United States Code, Section 924(c) - Use of Firearm in Relation to a Crime of Violence)

The Grand Jury further charges that:

On or about July 3, 2001, in Boston, in the District of Massachusetts,

1. **DARRYL GREEN, a/k/a "D,"**
and
3. **JONATHAN HART, a/k/a "Jizz,"**

defendants herein, knowingly and intentionally carried and used and discharged a firearm during and in relation to a crime of violence, to wit, the assault with a dangerous weapon charged in Count Fourteen of this indictment, which is hereby incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (C)(i) and 2.

30

COUNT SIXTEEN: (18 United States Code, Section 1959(a)(1) -
                Murder in Aid of Racketeering)

The Grand Jury further charges that:

1.   Each and every allegation contained in paragraphs 1
through 3 of Count One of this Indictment is realleged and
incorporated in Count Sixteen by reference as if fully set forth
herein.

2.   The Enterprise described in paragraphs 1 through 3 of
Count One of this Indictment constituted an Enterprise as that
term is defined in Title 18, United States Code, Section
1959(b)(2), that is, a group of individuals associated in fact
which was engaged in, and the activities of which affected,
interstate and foreign commerce.

3.   At all times relevant to this Indictment, the
Enterprise, through its members and associates, engaged in
racketeering activity, as that term is defined in Title 18,
United States Code, Sections 1959(b)(1) and 1961(1), that is,
acts involving murder, in violation of Massachusetts General
Laws, Chapter 265, Sections 1, 2, and 15, and Chapter 274,
Sections 2 and 7, and offenses involving the felonious selling
and dealing in controlled substances, in violation of Title 21,
United States Code, Sections 841 and 846, as more fully set forth
in paragraphs 6 through 19 of Count One, which are incorporated
by reference as if fully set forth herein.

4.   On or about August 25, 2001, in Boston, in the District

31

of Massachusetts, for the purpose of maintaining and increasing position in the Enterprise, which was an Enterprise engaged in racketeering activity,

**1. DARRYL GREEN, a/k/a "D,"**
and
**2. BRANDEN MORRIS, a/k/a "B,"**

defendants herein, knowingly and intentionally murdered, and aided and abetted the murder of, Terrell Gethers, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Section 2.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

32

<u>**COUNT SEVENTEEN**</u>:       **(18 United States Code, Section 924(c) - Use of Firearm in Relation to a Crime of Violence)**

The Grand Jury further charges that:

On or about August 25, 2001, in Boston, in the District of Massachusetts,

> **1. DARRYL GREEN, a/k/a "D,"**
> **and**
> **2. BRANDEN MORRIS, a/k/a "B,"**

defendants herein, knowingly and intentionally carried and used and discharged a firearm during and in relation to a crime of violence, to wit, the murder charged in Count Sixteen of this indictment, which is hereby incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Section 924(c)(1)(A) and (C)(i).

## NOTICE OF SPECIAL FINDINGS

1.   The allegations of Count Sixteen of this Superseding Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

### Factors Applicable to Defendant Darryl Green

2.   At the time he committed the offense alleged in Count Sixteen, the defendant, DARRYL GREEN, was more than 18 years of age.

3.   As to Count Sixteen:

### Factors Enumerated Under 18 U.S.C. § 3591(a)(2)

a.   The defendant, DARRYL GREEN, intentionally killed Terrell Gethers (18 U.S.C. § 3591(a)(2)(A)).

b.   The defendant, DARRYL GREEN, intentionally inflicted serious bodily injury that resulted in the death of Terrell Gethers (18 U.S.C. § 3591(a)(2)(B)).

c.   The defendant, DARRYL GREEN, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Terrell Gethers died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)).

d.   The defendant, DARRYL GREEN, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the

34

participants in the act, such that participation in the act
constituted a reckless disregard for human life, and Terrell
Gethers died as a direct result of the act (18 U.S.C. §
3591(a)(2)(D)).

### Factors Enumerated Under 18 U.S.C. § 3592(c)(1) Through (16)

a.   The defendant, DARRYL GREEN, in the commission of the
offense charged in Count Sixteen, knowingly created a grave risk
of death to one or more persons in addition to the victim of the
offense, Terrell Gethers.  (18 U.S.C. §3592(c)(5)).

### Factors Applicable to Defendant Branden Morris

4.   At the time he committed the offense alleged in Count
Sixteen, the defendant, BRANDEN MORRIS, was 18 years and four
months of age and not less than 18 years of age.

5.   As to Count Sixteen:

### Factors Enumerated Under 18 U.S.C. § 3591(a)(2)

a.   The defendant, BRANDEN MORRIS, intentionally killed
Terrell Gethers (18 U.S.C. § 3591(a)(2)(A)).

b.   The defendant, BRANDEN MORRIS, intentionally inflicted
serious bodily injury that resulted in the death of Terrell
Gethers (18 U.S.C. § 3591(a)(2)(B)).

c.   The defendant, BRANDEN MORRIS, intentionally
participated in an act, contemplating that the life of a person
would be taken or intending that lethal force would be used in
connection with a person, other than a participant in the

offense, and Terrell Gethers died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)).

d.    The defendant, BRANDEN MORRIS, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the act, such that participation in the act constituted a reckless disregard for human life, and Terrell Gethers died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

**Factors Enumerated Under 18 U.S.C. § 3592(c)(1) Through (16)**

a.    The defendant, BRANDEN MORRIS, in the commission of the offense charged in Count Sixteen, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense, Terrell Gethers.  (18 U.S.C. §3592(c)(5)).

36

A TRUE BILL,

_Norman Longvel_
FOREPERSON OF THE GRAND JURY

_Theodore B. H......_
Theodore B. Heinrich
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS           September 17, 2003, at 3.15 p.m.

Returned into the District Court by the Grand Jurors and filed.

_Esther D. Bickwell_
Deputy Clerk  3:15 p.m.

37